# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LONNIE TROY,

    Defendant.

Case No. 2:10-cr-00221-LDG (GWF)

**ORDER**

    The defendant, Lonnie Troy, moves to vacate, set aside, or correct his conviction for violating 18 U.S.C. §924(c) (ECF Nos. 52, 54, 55), which motion the government has opposed (ECF No. 57). As Troy filed the instant motion more than one year after his conviction became final, and as the Supreme Court has not recognized that § 924(c)'s residual clause is void for vagueness, the Court must deny his motion as untimely.

    Troy pled guilty to two counts of interference of commerce by robbery ("Hobbs Act robbery") in violation of 18 U.S.C. § 1951 and one count of using a firearm during and in relation to a crime of violence under 18 U.S.C. § 924(c). His § 2255 motion attacks the latter conviction.

In *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme Court held that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1), (2)(B)(ii), was unconstitutionally vague. Troy filed the instant motion arguing that *Johnson* is equally applicable to §924(c) cases and that his instant motion is timely as it was filed within one year of *Johnson*. The Ninth Circuit, however, has recently held to the contrary, finding that "[t]he Supreme Court has not recognized that § 924(c)'s residual clause is void for vagueness in violation of the Fifth Amendment." *United States v. Blackstone*, 2018 WL 4344096, *7 (9th Cir., Sept 12, 2018). As indicated by the Ninth Circuit, "[t]he Supreme Court may hold in the future that *Johnson* extends to sentences imposed . . . pursuant to 18 U.S.C. § 924(c), but until then [defendant's] motion is untimely." *Id.*

Troy moves to stay (ECF No. 62) his §2255 motion until the Ninth Circuit issues "the mandate in *Blackstone* or until the United States Supreme Court resolves certiorari of *Blackstone*, whichever is later." As the Ninth Circuit has issued its decision in *Blackstone*, however, this Court is bound to follow that decision. *Yong v. I.N.S.*, 208 F.3d 1116, 1119 n.2 (9th Cir. 2000).

Accordingly,

THE COURT **ORDERS** that the United States' Motion for Leave to Advise the Court of Relevant New Authority (ECF No. 61) is GRANTED.

THE COURT FURTHER **ORDERS** that Defendant's Motion to Stay (ECF No. 62) is DENIED.

THE COURT **ORDERS** that Defendant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. §2255 (ECF Nos. 52, 54, 55) is DENIED as untimely.

THE COURT FURTHER **ORDERS** that the Clerk of Court is directed to enter a separate civil judgment denying defendant Lonnie Troy's § 2255 motion. The Clerk also

shall file this order and the civil judgment in this case in the related civil case number 2:16-cv-01223-LDG-GWF.

DATED this \_\_11\_\_ day of October, 2018.

_____
Lloyd D. George
United States District Judge